Good morning, Your Honors. Timothy A. Canning for Petitioner Richard L. Sacks. I would request the privilege of reserving some time for rebuttal as well. You'll have to keep track of your own time or help because that's the full time. I certainly will. Thank you, Your Honor. This petition involves a challenge to a rule that was enacted by FINRA, the Financial Industry Regulatory Authority. It was a rule that was approved by the SEC. Pursuant to statute, the SEC is obligated to review rules that are proposed by FINRA, even though FINRA is not a governmental agency. What FINRA does do is it regulates brokers, but it also provides an arbitration process as well for investors, employees and so forth to present their claims to FINRA or to arbitrators selected by FINRA. And in an attempt to recover damages to the extent that they can prove that. And those rules as well, those arbitration rules, are also subject to SEC approval. When a rule is proposed by FINRA, the SEC essentially can do one of two things with that rule. It can either approve the rule or the SEC can institute proceedings to disapprove the rule. Now, the rule that's involved here in this petition. Well, they don't have to, do they? Well, my understanding of the statute is that they have to do one of the two things. Well, can they reject it? Are we? Are we okay now? Yeah, go ahead. Can they refuse to promulgate it at all? They can by way of instituting a proceeding. They have to go through another administrative proceeding if they disapprove of that rule. And it gives FINRA the opportunity then or other interested parties the opportunity to present additional information or along those lines. But those are actions that are instituted by the SEC itself. Right. So in this case, you don't have much time. Why don't you run through the procedure? Certainly. The procedure here, it was fairly straightforward. FINRA submitted its proposed rule to the SEC. And this is the rule regarding non-attorney representation. The SEC published notice of the rule and gave, I believe, it was 35 days for public comment. There was a number of comments that were submitted in response to that notice. At the end of the comment period, the SEC, through acting through what's called delegated authority, approved the rule. And now that rule is in effect and it's being applied by FINRA in its arbitrations. But as I understand it, it was not the full commission that promulgated the rule. That's correct, Your Honor. It was the what's called delegated authority. Essentially, it's 72 15 U.S.C. 78 D1. That gives the SEC commissioners the authority and the ability to give certain actions that normally would be handled by the entire commission. They can delegate that to a division. To a division. To a division or two. And that's what happened here. That's what happened here. All right. Now, you, your client did write during the notice and comment period, as I understand it. Yes, Your Honor. My client submitted, Mr. Sachs submitted a fairly lengthy comment letter essentially opposing the approval of the rule. And that's essentially what's required under the statute. In order to obtain review, there's essentially one of two processes that you can follow. One is under the Administrative Procedures Act. What the SEC or what the Congress had done for certain types of actions that the SEC engages in, they have a special review statute. And that's the statute that was followed here. And essentially it entitles folks who are aggrieved by a order or a rule of the SEC that arises under certain sections of the Securities and Exchange Act to file a petition with the court of appeals as opposed to going to the district court. But as I understand it, the SEC's brief, and I may be missing this entirely, they say that if a rule is promulgated by the commission or by the division pursuant to the delegated authority, there is a rule on the SEC that you have to take your problem to the full commission first before you can go to court. I believe that that's correct. That's their position. And did your client take this to the full commission? No, Your Honor. We did not. The petition was instead was filed directly based on the concept that the order that was finally issued, essentially approving the new FINRA rule, was the final order of the commission. And under the SEC review statute for judicial review, or under the Securities Exchange Act, essentially all Mr. Sachs has to show in order to be entitled to review is that he's a person adversely affected by the order, which he is. And so your argument is that your position is that you don't have to go, you don't have to exhaust your remedies by taking it to the full commission before you go to the court of appeals? No, Your Honor. Our position is that we did, in fact, exhaust our remedies as required under the Securities Exchange Act. Under the Administrative Procedures Act, there might be further steps that need to be taken. But this petition is not filed under the Administrative Procedures Act. It's filed under the judicial review section of the Securities Exchange Act. Well, I guess I don't understand that, because I thought that your argument was that you could you didn't have to go to the district court. You could go to the court of appeals. But as I understand the SEC's argument, they say before they agree you can go to the court of appeals, but first you have to go to the full commission. And I don't understand what your position is with respect to the need to go to the full commission first. Certainly, our position on that is that we did not need to go to the full commission because of the requirements of the Securities Exchange Act. It does not say there's no statutory provision that says you must go to the full commission prior to filing the petition in the court of appeals. We're not saying that we've got to. But they have promulgated a rule. Yes. And you don't have to follow it. The rule that they promulgated does not apply in this situation. The rule that they promulgated applies when an order is being challenged under the Administrative Procedures Act, but not when it's being challenged under the judicial review sections of the Securities Exchange Act. Again, there are two different procedures that can be followed, one of which is going the route of under the Securities Exchange Act. The other is going the route of the APA. If you're under the APA, then arguably at least you would have to go in front of the full commission first. But if you're going under the special review section of the Securities Exchange Act, then you don't need to do the full review in front of the commission. And with that, if I may, I would like to reserve the rest of my time for rebuttal unless the panel has other questions. Okay. Thank you. Thank you. May it please the Court. I'm Mark Pennington for the Securities and Exchange Commission. The main point I want to make is that the Petitioner does not have an appealable order here because he failed to exhaust administrative remedies. But before I get to that, I'd like to be really clear that the way this works is the SRO submits the rule to the commission, and the commission can approve it or disapprove it pursuant to an order. And then commission orders are reviewed pursuant to Section 25A of the Exchange Act. Commission rules are reviewed pursuant to Section 25B of the Exchange Act. And there's some confusion about that, I think, in the Petitioner's brief. But let's get that out of the way. Now, the Administrative Procedures Act, which was adopted sort of after the administrative state was being created in the early 40s, tends to proceed in two ways in its statutes and in particularly in the one about what's a final action, which is what we're concerned with here, Section 704, 5 U.S.C. 704 or Section 10C of the APA. It says the means of the orders are reviewable or orders that are made reviewable by statute or, if the statute doesn't cover it, any final order. And there is a statute here, but that's incorporated into the Administrative Procedures Act in Sections 10B and 10C. And what Section 10C says after it says a final order is an order made reviewable by statute or a final agency action, it says agency action otherwise final is final for purposes of this section whether or not there's been an appeal to superior agency authority, which is the issue here, unless the agency otherwise requires by rule and provides that the action, meanwhile, is inoperative. And that applies to actions that are brought both under a special review statute like Section 25 of the Exchange Act or under the APA. It applies both ways. And it's interesting. This exact issue came up at the time that the Commission got authority to delegate or got the power to delegate authority in 1962. Section 4, Cap A, that's for the capital A of the Exchange Act, which was adopted in 1962, authorizes various delegations. And when the bill was proposed, the Commission sent a letter to Congress, and they said, well, we're fine with the bill. We're happy to have the delegation. But the way the statute's worded, it says that action that's final by delegated authority is final for all purposes. And the Commission said, we're concerned that that means you can take an appeal of action by delegated authority. And then the Commission came back later with a second letter, and this is all laid out in the brief, which said, oh, we've tumbled to the APA, which expressly says that we can adopt a rule that requires you to take an internal administrative appeal, and therefore, we withdraw our request that the statute be amended to make that express, because it's already covered by the APA. And they adopted rule of practice, rule of procedure 430C, which is called appeals of actions made pursuant to delegated authority. Perfectly clear. And it says, pursuant to APA section 704, which is the section 10C about the agency can have rules that require internal appeals, a petition to the Commission for review of an action made by authority delegated pursuant, and it incorporates all the delegation rules, including the delegation rule that applies in this case, is a prerequisite to the seeking of judicial review of a final order entered pursuant to such an action. And prerequisite to judicial review is what the Congress – what the Commission had said to Congress in 1962. They said, we can adopt a rule that makes an appeal to the Commission a prerequisite to judicial review, and we're going to do – we'll have that power. And then they adopted the rule that said, quote, unquote, it's a prerequisite to judicial review. So it seems to us that it could not be – and they also have a rule that says that if you file a notice of intent to petition for – to the Commission, it's – the rule becomes ineffective immediately. It stayed immediately. So that satisfies the APA rule. So there were about five or six people who submitted letters during the comment period that were criticizing some part of the rule. Right. None of them took it to the full Commission? Nobody took it to the full Commission. And it's too late now? Yes, it's too late now. You have – there's a set of – it's five days from actual notice or 15 days from Federal Register publication is the time limit that you have to file the notice of intention to petition to the Commission, which would stay things automatically. So that's where we are. We don't have a Commission order. The Commission has never considered this rule, and therefore our brief doesn't defend the rule because they have not exhausted their administrative remedies. And for that reason, we believe this Court also doesn't have jurisdiction to review the order. What is the lead authority interpreting this provision? Is there any? I think it's – well, it's mostly the – I think it's the Darby case. Well, it's not a case that's, like, walked through this. If you just read the statutes and you read the legislative history of Section 4, Cap 8, because there hasn't been litigation under it. As far as I know, in my time at the Commission, there's been one other time when someone failed to exhaust an administrator in the Seventh Circuit, dismissed it in an unpublished, very short order. So it hasn't been construed. But I think that the language of the statute, and certainly the language of the legislative history of Section 4, Cap 8, where the Commission, you know, wrote this letter. And then Congress said the Commission's letters accurately summarize what the law is intended to do and how the review provisions are intended to work. So I think that's the legislative history of Section 4, Cap 8 is the best that there is. If the Court has no further questions. Yeah, I have one question, if I may. I understand your jurisdiction argument. But if we were to accept the jurisdiction position of the petitioner, does the government not want to offer any comment on the rationality or purpose of the rule? Well, certainly if the rule is going to be reviewed, we'd want to be heard on it. But as of right now, the Commission hasn't taken a position on it. So we have a Chenery problem. If we were to, as lawyers say, this is what I think is the right answer, it doesn't stand for anything. You're required to come to the Commission first to get an authoritative, either a Commission order reviewing it or a Commission order saying we don't want to review it, we're satisfied with what was done by delegated authority. And so if we disagree with the SEC on jurisdiction, what would you want us to do? I would say in that case, remand it to the Commission and give it a chance to address the rule. Okay. Thank you. Thank you. Thank you, Your Honors. I would like to just briefly address the impact of the 78D statute or the statute under the SCA section 4A. That's a delegated authority statute that we've been talking about today. There is nothing in that statute that imposes a mandatory requirement on a Petitioner to seek further review. Not in the delegated authority statute. That is strictly gives the – oh, I'm sorry. But the argument is that the statute gives the agency the right to delegate and to promulgate a rule that requires it to be heard by the agency. And they've done that. That section, the delegated authority, it gives the SEC the right, if they decide to, they have the right to – for the Commissioners to take a matter up, to take it essentially to withdraw the delegation and say we want to hear this entirely. But if you look through the wording of the entire statute of – this is 15 U.S.C. 78D-1. There is nothing in that statute that puts an obligation on a grieved party to seek further review at the SEC. Where the further review provision comes in is if a party is seeking an action under the Administrative Procedures Act, essentially a review of something that was not exchange act, which essentially is a special review provisions for certain decisions that the Commission makes under the Securities Exchange Act. And that does not also give the SEC the right or the power to impose any other restrictions on the right to judicial review. Well, let's suppose we agreed with you. Do you agree with the suggestion of the SEC that we remand? I don't agree with that. I agree with the suggestion that the SEC should not have the opportunity, when they've not taken the opportunity, to brief the merits. Right. They haven't taken that opportunity. They've chosen not to, but they did have the opportunity if they wanted to. They have the opportunity. I don't understand that, I guess. I'm sorry. Because this lawyer represents the SEC, the Commissioners, the Commission. And this has been done by one division. And I guess I just don't understand how we can review just a position of a division. Well, partly because, if I may, the delegation of authority statute expressly states that if the SEC doesn't review, if they don't take it up on review, it is deemed to be in order of the Commission. And so we're already beyond that. The SEC decided not to pursue this further. And as far as the briefing issue, I think the SEC made a choice. And if you've looked at the record, the record itself is awfully thin. Frankly, if I may, I would encourage the Court to vacate the order. And if FINRA or the SEC wants to pursue it further, they certainly have that right to do so. Do you have any case that upholds what you are arguing here? No, Your Honor. I don't have any case that upholds what you are arguing here. I've not seen any case that I think is supported by the language of the statutes as well as the legislative history, especially the legislative history. I know. Sure. So my question is a very practical one. Why would someone in the petitioner's position want to invoke a direct review in the Court of Appeals before asking the SEC as a whole to look at what the division did? And the later question is, if we have a choice on a vague statute, why should the Federal courts be clogged up with considering issues that the agency was not asked to consider to address? Your Honor, if I may, the issues that are being raised in this petition were all raised in front of the commission. There was the commission acting pursuant to delegated authority, but everything that was raised in this petition was, in fact, raised at the commission level or at the, I'm sorry, when they were pursuant to their delegated authority. And from the language of the Securities Exchange Act, that's Section 25, which provides for specific judicial review, I think it's the congressional intent to provide review is pretty clear. And at least as far as from what I can discern, there aren't that many petitions that are actually filed arising under a challenge to the SRO rulemaking. Thank you. Thank you. Thank you, Your Honor. The case just argued is submitted for decision.
judges: Schroeder, Thomas, Gould